Dear Senator Tarver:
This office is in receipt of your letter dated February 28, 2000 requesting an opinion regarding the applicability of La.R.S. 27:21
A.(2)(c) to vendor revenue information contained in the riverboat quarterly compliance reports submitted to the Louisiana Gaming Control Board.
For reasons which follow, it is the opinion of this office that documents containing the exact dollar amount of monies paid by a licensed riverboat to its vendors during a quarter (or other period) constitute "financial records" specifically designated as confidential under the provisions of La.R.S. 27:21 A.(2)(c) and that disclosure of such documents is expressly prohibited by La.R.S. 27:21 B. and C.
It is acknowledged from the outset that the Public Records Act, La.R.S. 44:1 et seq. must be liberally construed in favor of public access which is guaranteed by LSA-Const. Art. 12, § 3, as implemented by the Act, R.S. 44:31. Access to a public record can be denied only when the law specifically and unequivocally provides against access.Harrison v. Norris, 569 So.2d 585 (La.App. 2 Cir. 1990)
La.R.S. 27:21 provides in part:
 § 21. Records of board deemed open, exceptions
 A.(1) Except as otherwise provided in this Title, records of the board shall be public records and governed by the provisions of R.S. 44:1 et seq.
 (2) A record of the board shall be confidential when the record:
 * * *
 (c) Consists of an applicant's personal history forms or questionnaires, disclosure forms, or financial statements and records.
 * * *
 B.(1) Confidential information or data which is obtained by the board may not be revealed in whole or in part except in the course of the proper administration of this Title. However, the board or its authorized agents may reveal such information or data to an authorized agent of any agency of the United States government or to any agent of this state or of any political subdivision of this state, pursuant to rules and regulations adopted by the board, or pursuant to a lawful order of a court of competent jurisdiction.
 (2) Notice of the content of any information or data furnished or released pursuant to this Section may be given to the applicant or licensee to whom it pertains in a manner prescribed by rules adopted by the board.
 C. No board member, employee, agent, or authorized representative shall disclose, divulge, disseminate, or otherwise transmit or communicate any confidential board record, reports, or any confidential information therein, except as permitted in this Section and then only with the approval of the board. Disclosure of any confidential board record, report, or any information therein other than as provided in this Section shall be grounds for removal of a board member or termination of any employee.
 * * *
 La.R.S. 44:4(3) provides that the Public Records Act shall not apply:
 * * *
 (3) To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
The information to which you refer in your letter, "vendor revenue amounts", are contained on certain pages provided by riverboat licensees in quarterly employment and procurement reports, or compliance reports.
Quarterly reports are provided to the Louisiana Gaming Control Board pursuant to La.R.S. 27:52 (2)(g), 27:70 B.(7)(a) and (b), and LAC 42:III.110
which provide respectively:
 R.S. 27:52 (2)(g)
 The commission shall:
 * * *
(2) Promulgate rules providing for and determining the following:
 (g) That preferential treatment is given to Louisiana firms to the extent allowed by law in the procurement of all resources and goods used in the operation of a riverboat come from Louisiana and that a preferential treatment to the extent allowable by law in the awarding of contracts for services and entertainment is given to Louisiana firms and residents.
 R.S. 27:70 B.(7)(a) and (b)
 * * *
 B. In addition to meeting the above requirement, no person shall be issued a license to conduct gaming operations unless the division finds that:
 * * *
 (7)(a) The applicant must have a good faith plan to recruit, train, and upgrade minorities in all employment classifications.
 (b) It shall be required by the owners, to provide the maximum practical opportunities, for participation by the broadest number of minority-owned businesses. Such offering of participation by owners to the disadvantaged business enterprises who qualify under the provision of this Chapter, shall be at a price not to exceed the price paid per share or interest paid by the ownership interests.
 LAC 42:III.110
 § 110. Quarterly Submissions
 A. Commencing with the issuance of any riverboat gaming operator license, the licensee shall submit on a quarterly basis to the board a statement of compliance with the applicant or licensee's previously submitted application or economic development plan as to those aspects of the plant which are then underway.
 B. The licensee will certify quarterly under oath that a good faith effort to meet the voluntary procurement and employment conditions is being made, and shall quarterly demonstrate to the board that an effort was made to meet the conditions. The quarterly statement shall be forwarded to the board by certified mail no later than 20 days after the end of each quarter.
The information provided by the licensees is in response to a questionnaire and generally includes data relative to the percentage of Louisiana residents, minorities and women employed and their salaries and the percentage of goods and services obtained from Louisiana, minority and women-owned businesses and the amounts paid to each.
The specific information which you address in your opinion request is provided via forms contained in the questionnaire referred to as a "Schedule of Expenditures Made by Licensee to Louisiana (Minority-Owned, Women-Owned) Businesses."
This form requests the name of the respective business, address, business type and the licensee's expenditures during the previous quarter.
Therefore the documents provided to the Gaming Control Board contain at a minimum all of the above information, specifically and invariably including the exact dollar amount paid to each individual Louisiana, minority-owned or women-owned business for goods and services procured during the quarter.
The term "financial statement" is defined at:
LAC 42:XIII.3903 B. which provides in part:
 Financial Statement-both summaries of financial matters of any sort and any source documents or records from which summaries are or may be derived.
 a. Examples of financial statements include balance sheets, profit and loss statements, mortgages, debt instruments, ledgers, journals, invoices, and any other document bearing on the financial status of an entity, whether historical or current.
The documentation provided to the Board would certainly appear to be a "summary of financial matters of any sort", essentially a presentation of the quarterly expenditures by the licensee to each vendor in a condensed form.
The term "financial records" while not defined under the Gaming Control Law or by administrative rule, would seem to be broader in scope than "financial statements" and appears to have generally prevailing meaning, La. Civil Code art. 11.
"Financial" as an adjective derivation of the term "finance" generally means "relating to the management of money, investments, banking and credit." Webster's II, New Riverside University Dictionary, Black's Law Dictionary 7th Ed.
"Record" is defined as:
 a. An account, as of information, set down especially in writing as a way of preserving knowledge. b. Something on which such an account is made.
 Webster's II, New Riverside Dictionary.
As referenced earlier, the Public Records Act, La.R.S. 44.1 et seq. does not apply to "records in the custody or control of any agency whose duties and functions are to investigate the business of any private person, firm or corporation when the records pertain to the business of the person and are in their nature confidential." La.R.S. 44:4 (3).
The documents referred to in your opinion request are essentially lists or records of summaries of financial dealings or transactions between licensed riverboat gaming operators regulated by the Board and vendors many of which are also regulated and permitted as gaming or non-gaming suppliers.
In conclusion, it is the opinion of this office that the documents provided to the Gaming Control Board which reflect the amount of money paid by a licensed riverboat to its vendors and suppliers constitute "financial records" under La.R.S. 27:21 B.(2)(c), that disclosure of such documents is prohibited by La.R.S. 27:21 B and C. and that the Public Records Act is not applicable to such documents pursuant to La.R.S. 44:4
(3).
Hopefully this opinion addresses your concerns. Please do not hesitate to call if we may be of further assistance.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ William J. Quinlan Director, Gaming Division
WJQ:arm